Filed 12/6/13  P. v. Burts CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EMMANUEL BEN BURTS,<br><br>    Defendant and Appellant. | F065261<br><br>(Super. Ct. No. F12901379)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Denise L. Whitehead, Judge.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne LeMon and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

Defendant Emmanuel Ben Burts was convicted by jury of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count 1)[1] and being a felon in possession of ammunition (§ 30305, subd. (a); count 2).  He admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced him to seven years in prison.

On appeal, defendant contends the two statutes that prohibit a felon from possessing a firearm and ammunition violate his constitutional right to bear arms under the Second Amendment of the United States Constitution.  We conclude that the statutes in question do not contravene defendant's Second Amendment rights as interpreted by the United States Supreme Court in *District of Columbia v. Heller* (2008) 554 U.S. 570 (*Heller*).

The Second Amendment of the United States Constitution states:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  (U.S. Const., 2d Amend.)  "The Second Amendment protects an individual's right to possess and carry weapons in case of confrontation.  (*Heller, supra,* 554 U.S. at pp. 592, 595.)  The Second Amendment is fully applicable to the states by the due process clause of the Fourteenth Amendment.  (*McDonald v. City of Chicago* (2010) 561 U.S. ___ [130 S.Ct. 3020].)"  (*People v. Ellison* (2011) 196 Cal.App.4th 1342, 1347.)  *Heller* explained, however, that "[l]ike most rights, the right secured by the Second Amendment is not unlimited.  From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.  [Citations.]  For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues.  [Citations.]

---

[1]      All statutory references are to the Penal Code unless otherwise noted.

2.

Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." (*Heller, supra,* at pp. 626-627, italics added, fn. omitted.)  The court noted that this list includes examples of "presumptively lawful regulatory measures." (*Id.* at p. 627, fn. 26.)

Defendant attempts to minimize these statements in *Heller* as dicta, but we decline to disregard this clear language upholding the prohibition of the possession of firearms by felons.[2]  Recent case law also supports this view.  (See, e.g., *People v. Flores* (2008) 169 Cal.App.4th 568 [statute prohibiting possession of firearm by persons convicted of certain misdemeanors]; *People v. Delacy* (2011) 192 Cal.App.4th 1481 [same].)  The reasoning and explanation in *Heller* and these more recent cases satisfy us that the statutes prohibiting a felon from possessing a firearm and ammunition are presumptively lawful regulatory measures that do not infringe on defendant's Second Amendment rights.

## DISPOSITION

The judgment is affirmed.

---

[2]    We note that *Heller* also does not have an effect on the prohibition against possession of ammunition because if a felon cannot possess a firearm, there is no apparent reason to allow him to possess ammunition.